J-S76013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERICA HARRIS, | |
| Appellant | No. 383 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 2, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005275-2016

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

JUDGMENT ORDER BY BENDER, P.J.E.:          **FILED FEBRUARY 28, 2019**

Appellant, Erica Harris, appeals from the judgment of sentence of 20 to 45 years' incarceration, imposed after she pled guilty to third-degree murder and kidnapping.  On appeal, Appellant challenges the discretionary aspects of her sentence.  However, before we can address her sentencing claims, we must remand to the trial court for the reasons stated *infra*.

At this juncture, we need not discuss the facts and procedural history of Appellant's case.  We only note that, during the pendency of this appeal, Appellant filed a *pro se* "Application for Relief," indicating that she desired to terminate the representation of her counsel, Scott Alan Westcott, Esq., and

proceed *pro se* on appeal.[1]   On January 23, 2019, this Court issued a *per curiam* order forwarding Appellant's *pro se* application to Attorney Westcott in accordance with **Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) ("[T]he proper response to any *pro se* pleading is to refer the pleading to counsel and to take no further action on the *pro se* pleading unless counsel forwards a motion.").

On January 28, 2019, this Court received a letter from the trial court indicating that Attorney Westcott's license to practice law had been suspended on or after January 23, 2019.  Therefore, Attorney Westcott could not have acted on Appellant's *pro se* application to terminate his representation that was forwarded to him by this Court, and Appellant currently has no legal representation at all.  While this does not necessarily impact our disposition of her present appeal, as the parties' briefs have already been filed, Appellant is entitled to representation until the finality of her direct appeal.  **See** Pa.R.Crim.P. 122(B)(2).  Thus, we are compelled to remand this case for the trial court to conduct a hearing to determine if new counsel should be appointed or, if Appellant wishes to proceed *pro se*, that her decision to do so is knowing, intelligent, and voluntary in accordance with **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).   The court must conduct this hearing, and notify our Court of the outcome thereof, within 30 days of the filing of this

---

[1] When Appellant's *pro se* application was filed on January 17, 2019, Attorney Westcott had already filed a brief on her behalf on October 9, 2018. Additionally, the Commonwealth had filed its brief on November 6, 2018, and the time for Appellant's filing a reply brief had passed.

memorandum decision.  Appellant shall then have 30 days after the date of the court's decision regarding her representation to file with this Court a reply brief to supplement the brief supplied by Attorney Westcott.

Case remanded.  Panel jurisdiction retained.